UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Richard Enrique Ulloa,**

                             **Plaintiff,**

                **-v-**                                        **1:10-CV-1567 (NAM/RFT)**

**Thomas J. McAvoy,**

                             **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Richard Enrique Ulloa
17902-052
Rensselaer County Jail
4000 Main Street
Troy, New York 12180
Plaintiff, *pro se*

Office of United States Attorney
Michael S. Cerrone, Esq., Assistant United States Attorney
138 Delaware Avenue
Buffalo, New York 14202
Attorney for Defendant

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

      Defendant, United States District Judge Thomas J. McAvoy, moves (Dkt. No. 7) to dismiss this *pro se* action for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Richard Enrique Ulloa, plaintiff in this action, was tried as a criminal defendant before Judge McAvoy on seven counts of mail fraud under 18 U.S.C. § 1341. The trial commenced on December 28, 2010. On December 30, 2010 a jury convicted Ulloa on all counts. *See United States v. Ulloa*, 1:10-CR-321.

On December 28, 2010, the first day of trial, Ulloa filed the complaint herein. The only allegations in the complaint that pertain to Judge McAvoy in any respect are as follows:

> 11. Judge McAvoy has ignored the fact the [*sic*] his court is NOT an administrative court, that it is not an Admiralty court, and that it is and he flies in his court the Army Military flag.
>
> 12. Judge McAvoy ignored all facts submitted and overruled all evidence.
>
> 13. Judge McAvoy has denied Richard-Enrique to testify before the Grand Jury and to bring in new information, or that the Grand Jury was given mis-information and that Richard-Enrique was denied the ability to present his side of the story.
>
> 14. Judge McAvoy has ignored not one but two Declaratory Decrees from two Common Law juries, who have dismissed case 10-CR-321 in its entirety.
>
> 15. Judge McAvoy has refused my Motion for Contempt for Discovery.

To survive a dismissal motion, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). A complaint should be "especially liberally construed when it is submitted *pro se* and alleges civil rights violations." *See Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008) (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)).

It has long been the law that judges have absolute immunity from damage claims arising out of their judicial acts. *See Tucker v. Outwater*, 118 F.3d 930, 932 (1997) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335 (1872)). Such immunity may be overcome only where the judge acts in the clear absence of all jurisdiction or if he acts outside his judicial capacity. *See Gross v.*

*Rell*, 585 F.3d 72, 82 (2d Cir. 2009).  Here, the claims in paragraphs 12 through 15 that Judge McAvoy "ignored all facts submitted and overruled all evidence," refused to permit Ulloa to testify before the grand jury, ignored "Declaratory Decrees from two Common Law juries," and refused Ulloa's "Motion for Contempt for Discovery" clearly concern conduct performed in Judge McAvoy's jurisdiction and judicial capacity.  He is absolutely immune from liability for these alleged actions.

Paragraph 11, the only remaining paragraph pertaining to Judge McAvoy, fails to support a cognizable claim, even when viewed as true and interpreted with the greatest lenience.  Construed in the context of the entire complaint, it may arguably be read as a challenge to Judge McAvoy's authority as a district court judge to try the charges against Ulloa.[1]  Regardless of any religious or political views Ulloa may hold, Judge McAvoy had the statutory and constitutional power to adjudicate the criminal charges against him.  *See* U.S. Const., Art. III; 28 U.S.C. § 1331.  In presiding over Ulloa's criminal trial, he clearly acted within his jurisdiction and judicial capacity.  *See generally Gross v. Rell*, 585 F.3d 72, 84-85 (2d Cir. 2009).  The Court can discern no other reasonable interpretation of paragraph 11.  Even upon the most liberal reading of the complaint, there is no indication of any claim against Judge McAvoy that could overcome the judicial immunity to which he is entitled.  Thus, all claims are barred by judicial immunity, and the complaint is dismissed with prejudice.

It is therefore

ORDERED that the motion (Dkt. No. 7) is granted; and it is further

---

[1] For example, the preceding paragraph in the complaint reads: "10. The FBI is an Agency, and it has no authority to bring charges against the people."

ORDERED that the complaint is dismissed in its entirety with prejudice.

IT IS SO ORDERED.

Date: July 8, 2011
      Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge